

FILED
CLERK, U.S. DISTRICT COURT
JAN 13 2017
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MARIO MOYA, JR.,,<br>Defendant. | Case No. CR 16-165-JGB<br>ORDER OF DETENTION |

I.

On January 13, 2017, Defendant made his initial appearance in this district on the indictment filed in this matter. CJA Panel Attorney David Evans was appointed to represent Defendant. The Court conducted a detention hearing.

☒ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)]. At this time, Defendant submits on the recommendation of detention.

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

the Court finds that the defendant has not rebutted the § 3142(e)(2) presumption by sufficient evidence to the contrary.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also

considered all the evidence adduced at the hearing and the arguments, the arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

## IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

- ☒ criminal history includes probation violations and revocations
- ☒ limited background information and no known community ties, or bail resources.
- ☒ Failure to appear on a DMV matter
- ☒ Unrebutted Presumption.

As to danger to the community:

- ☒ Allegations in present charging document include felon in possession of a firearm
- ☒ Extensive criminal history includes probation violations and revocations.
- ☒ Unrebutted presumption [18 U.S.C. § 3142(e)(2)]

## V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal

for the purpose of an appearance in connection with a court proceeding.
[18 U.S.C. § 3142(i)]

Dated: January 13, 2017

                                              /s/
                                    HON. ALKA SAGAR
                                    UNITED STATES MAGISTRATE JUDGE